# EXHIBIT "1"

2477901.1

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Residence Inn by Marriott, Inc., an unknown entity; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

TAYLOR STEPHENS, a minor, by and through her Guardian ad Litem, Kimberly Chevalier

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
| --- |
| **ELECTRONICALLY FILED** Superior Court of California, County of Orange **06/15/2016** at 04:44:00 PM Clerk of the Superior Court By Loc Nguyen, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 30-2016-00852543-CU-PO-CJC |
| --- | --- |
| Orange County Superior Court 700 Civic Center Drive, Santa Ana, CA 92701 | Judge Sheila Fell |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin Hakimfar (287457) Kabateck Brown Kellner, LLP 644 S. Figueroa St, LA, CA 90017 213-217-5000

DATE: 06/15/2016  ALAN CARLSON, Clerk of the Court  Clerk, by _[signature]_ , Deputy
*(Fecha)*  *(Secretario)*  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*  Loc Nguyen

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Residence Inn by Marriott, Inc., an unknown entity

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor) an unknown
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee) entity
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* an unknown entity

4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

06/24/2016

Brian S. Kabateck, State Bar No. 152054
bsk@kbklawyers.com
Christopher B. Noyes, State Bar No. 2700094
cn@kbklawyers.com
Benjamin S. Hakimfar, State Bar No. 287457
bh@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
644 S. Figueroa Street
Los Angeles, California 90017
Telephone: (213) 217-5000
Fax: (213) 217-5010

Attorneys for Plaintiff TAYLOR STEPHENS

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/16/2016** at 12:36:42 PM

Clerk of the Superior Court
By Truomy Vu, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| TAYLOR STEPHENS, a minor, by and through her Guardian ad Litem, Kimberly Chevalier,<br><br>Plaintiffs,<br><br>vs.<br><br>Residence Inn by Marriott, Inc., an unknown entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 30-2016-00852543-CU-PO-CJC<br><br>Judge Sheila Fell<br><br>**COMPLAINT FOR:**<br><br>1. **GENERAL NEGLIGENCE**<br>2. **PREMISES LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TAYLOR STEPHENS, a minor, by and through her Guardian ad Litem, Kimberly Chevalier ("Plaintiff") hereby brings his Complaint alleging against RESIDENCE INN BY MARRIOTT, INC., an unknown entity; and DOES 1 through 100 (collectively "Defendants") as follows:

///

///

///

1
**COMPLAINT FOR DAMAGES**

06/24/2016

**THE PARTIES**

1. At all times herein mentioned, Plaintiff Taylor Stephens was an individual residing in the County of Orange, State of California. At all times relevant herein, Plaintiff Taylor Stephens was a minor and currently is a minor, and brings this action by and through her Guardian ad Litem and natural mother, Kimberly Chevalier.

2. Plaintiff is informed and believes and thereupon alleges that Defendant RESIDENCE INN BY MARRIOTT, INC., is a Delaware Corporation doing business in the State of California, County of Orange, that owns, leases, operates, manages, maintains, controls, oversees, and/or supervises all, and/or a portion of, the physical property known as the Residence Inn Irvine Spectrum, 10 Morgan, Irvine, California 92618 ("SUBJECT PREMISES").

3. Defendants DOES 1 through 100, inclusive, whether individuals, corporations, associations or otherwise, are fictitious names of Defendants whose true names and capacities are unknown to Plaintiff at this time. Each fictitiously named Defendant, whether acting for itself or as an agent, corporation, association, or otherwise, is in some way liable or responsible to Plaintiff based on the facts and proximately caused injuries and damages as alleged herein. At such time as the DOE Defendants' true names and capacities become known, Plaintiff will ask leave of Court to amend the Complaint to insert the DOE Defendants' true names and capacities.

4. At all times relevant herein, Defendants were the agents, employees, supervisors, servants and joint venturers of each other, and in doing the things hereafter alleged, were acting within the course, scope, and authority of such agency, employment, and/or joint venture, and with the consent and permission of each of the other Defendants. All actions of each Defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other Defendant.

5. All allegations in this complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

06/24/2016

2

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

6.     On or about May 9, 2013, in the City of Irvine, the County of Orange, in the State of California, Plaintiff suffered personal injuries while staying in a loft-style family suite on the SUBJECT PREMISES.

7.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure section 395 because the events giving rise to the cause of action alleged herein occurred in the State of California, County of Orange, where Plaintiff is informed and believes that Defendants and DOES 1 through 100, and each of them, conduct business.

## GENERAL ALLEGATIONS

8.     On or about May 9, 2013, Plaintiff was lawfully an invitee on the SUBJECT PREMISES while staying in a loft-style family suite.

9.     Plaintiff alleges that she was exposed to a dangerous and/or defective condition that existed at the SUBJECT PREMISES at the time.

10.    Plaintiff alleges that she suffered severe personal injuries on the SUBJECT PREMISES when she, through no fault of her own, slipped and fell on the slick surface of the upstairs "loft" shower (a porcelain tub with a shower head) on SUBJECT PREMISES.

11.    Plaintiff alleges that she hit her head and lay, unconscious and unresponsive, on the slick surface of the "loft" shower.

12.    Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, Defendants owned, possessed, leased, maintained, operated, designed, inspected, supervised, managed and/or controlled as part of the SUBJECT PREMISES.

13.    Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1 through 100 failed to use due care and to act affirmatively in providing a safe environment for guests and failed to prevent the "loft" shower from being excessively slick and slippery and/or otherwise protecting guests from harm of which Defendants knew or, through the exercise of reasonable care, should have known.

14.    Plaintiff is informed and believes and thereon alleges that Defendants allowed its "loft" shower to remain slick and slippery on SUBJECT PREMISES.

15. The facts alleged herein, and others, demonstrate the extreme recklessness, gross negligence, inadequate attention, supervision, control, carelessness, and negligence that directly and proximately caused Plaintiffs to suffer significant damages according to proof.

### FIRST CAUSE OF ACTION
### FOR GENERAL NEGLIGENCE
**(By Plaintiff against all Defendants including DOES 1 through 100)**

16. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

17. At all times herein mentioned, Defendants, and each of them, had custody and control of the SUBJECT PREMISES, and owed a duty to Plaintiff and others lawfully on the SUBJECT PREMISES to keep the SUBJECT PREMISES in a good and safe condition; contrary thereto, Defendants, and each of them were negligent, careless, grossly negligent and reckless in the ownership, care control, design, engineering, construction, maintenance, operation, leasing, management, caretaking, contracting, and subcontracting of the SUBJECT PREMISES, in that they caused the SUBJECT PREMISES to be and remain in a dangerous and unsafe condition.

18. Specifically, Defendants and each of them failed to prevent the porcelain surface of the "loft" shower from being excessively slick and slippery and/or otherwise protecting guests from harm thus creating an unreasonable risk of harm to others of which Defendants knew or, through the exercise of reasonable care, should have known.

19. By reason of the aforesaid negligence, carelessness, gross negligence and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, Plaintiff, through no fault of her own, was caused to fall in the shower, suffering severe injuries to her person, and damages hereinafter alleged.

20. As a direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health, strength and activity, sustaining a severe head injury, which has caused, continues to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering; according to proof.

4

**COMPLAINT FOR DAMAGES**

06/24/2016

21.   As a direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendants, and each of them, as aforesaid, Plaintiff has been required to obtain medical services, medication and drugs, hospitalization and various other items, both present and future; and Plaintiff has suffered loss of future earnings; according to proof.

## SECOND CAUSE OF ACTION

## FOR PREMISES LIABILITY

**(By Plaintiff against all Defendants including DOES 1 through 100)**

22.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.   At all times herein mentioned, Defendants, and each of them, had custody and control of the SUBJECT PREMISES, and owed a duty to Plaintiff and others lawfully on the SUBJECT PREMISES to keep the SUBJECT PREMISES in a good and safe condition; contrary thereto, Defendants, and each of them were negligent, careless, grossly negligent and reckless in the ownership, care control, design, engineering, construction, maintenance, operation, leasing, management, caretaking, contracting, and subcontracting of the SUBJECT PREMISES, in that they caused the SUBJECT PREMISES to be and remain in a dangerous and unsafe condition.

24.   Specifically, Defendants and each of them failed to prevent the "loft" shower from being excessively slick and slippery and/or otherwise protecting guests from harm of which Defendants knew and/or otherwise protecting patrons from harm of which Defendants knew or, through the exercise of reasonable care, should have known.

25.   By reason of the aforesaid negligence, carelessness, gross negligence and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, Plaintiff, through no fault of her own, was caused to fall in the shower, suffering severe injuries to her person, and damages hereinafter alleged.

26.   As a direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health, strength and activity, sustaining a severe head injury, which has caused, continues to cause, and

06/24/2016

5

**COMPLAINT FOR DAMAGES**

will in the future cause Plaintiff great physical and emotional pain and suffering; according to proof.

27.    As a direct and proximate result of the negligence, carelessness, gross negligence and recklessness of Defendants, and each of them, as aforesaid, Plaintiff has been required to obtain medical services, medication and drugs, hospitalization and various other items, both present and future; and Plaintiff has suffered loss of future earnings; according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### FOR ALL CAUSES OF ACTION

1.    For general damages in an amount according to proof;

2.    For special damages in an amount according to proof;

3.    For legal interest on judgment from the filing of this Complaint to the date of judgment;

4.    For post-judgment interest at the legal rate;

5.    For costs of suit incurred herein; and

6.    For any other and further relief as the Court deems just and proper.

DATED: May 12, 2016                                    KABATECK BROWN KELLNER LLP

By: _____
                                                        Christopher Noyes
                                                        Benjamin S. Hakimfar
                                                        Attorneys for Plaintiffs

06/24/2016

6

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-referenced matter.

DATED: May 27, 2016

KABATECK BROWN KELLNER LLP

By: _____

Christopher Noyes
Benjamin S. Hakimfar
Attorneys for Plaintiffs

06/24/2016

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brian S. Kabateck (152054); Benjamin S. Hakimfar (287457)<br>KABATECK BROWN KELLNER, LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017<br>  TELEPHONE NO: (213) 217-5000    FAX NO.: (213) 217-5010<br>ATTORNEY FOR (Name): Plaintiff Taylor Stephens | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**05/16/2016** at 12:36:42 PM<br><br>Clerk of the Superior Court<br>By Trucrny Vu, Deputy Clerk |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
  STREET ADDRESS: 700 Civic Center Drive
  MAILING ADDRESS: same as above
  CITY AND ZIP CODE: Santa Ana, CA 92701
  BRANCH NAME:

CASE NAME:
Stephens, et al. vs. Residence Inn by Mariott, Inc., et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>  (Amount          (Amount<br>  demanded      demanded is<br>  exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2016-00852543-CU-PO-CJC |
| --- | --- | --- |
| | | JUDGE:  Judge Sheila Fell<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[✓] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2.  This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4.  Number of causes of action (specify): 1
5.  This case [ ] is  [✓] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 13, 2016
      Benjamin S. Hakimfar                              ▶
            (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>OM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
| --- | --- | --- |

06/24/2016

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

06/24/2016